IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01776-NYW-CYC

KEITH CUNNINGHAM,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

For good cause shown, the Court hereby **GRANTS** Plaintiff's Motion for Appointment of Counsel for Limited Purpose of Discovery Management, ECF No. 97, which was modified at the March 4, 2026 Status Conference to request appointment of counsel for all purposes. *See* ECF No. 99 at 2.

## BACKGROUND

On June 24, 2024, Plaintiff Keith Cunningham initiated this case under the Federal Tort Claims Act. ECF No. 1. At that time, the plaintiff was in the custody of the Bureau of Prisons but is no longer incarcerated. *Compare* ECF No. 1 at 2 *with* ECF No. 84. The operative complaint, the Second Amended Complaint, asserts that Defendant United States of America was negligent in providing medical care to the plaintiff while he was housed at the Federal Correctional Institution located in Englewood, Colorado. ECF No. 17. The defendant filed an answer, ECF No. 51, and discovery has commenced, ECF No. 72.

Plaintiff now seeks appointment of counsel. ECF No. 97.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, civil litigants enjoy no constitutional right to an attorney, *id.*, and the Court does not have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Therefore, the Court can appoint volunteer counsel to represent a plaintiff if the Court determines in its discretion that it is appropriate to do so. D.C.COLO.LAttyR 15(f)(1).

The Court will only appoint volunteer counsel for an eligible party if consideration of the following factors so warrants:

(i) the nature and complexity of the action;

(ii) the potential merit of the claims and defenses of the unrepresented party;

(iii) the demonstrated inability of the unrepresented party to retain an attorney by other means; and

(iv) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel.

*Id.*; *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks*, 57 F.3d at 979.

## ANALYSIS

The Court finds that the nature of this action lends itself to the need for representation. As such, the first factor weighs in favor of appointing volunteer counsel. *See* D.C.COLO.LAttyR

2

15(f)(1)(B)(i).

Without commenting or ruling on the ultimate merits of the plaintiff's claims against the defendant, the Court finds it persuasive that this case has proceeded to discovery. Accordingly, the second factor weighs in favor of appointing volunteer counsel. *See* D.C.COLO.LAttyR 15(f)(1)(B)(ii).

The plaintiff submitted a sworn Financial Affidavit, which supports the conclusion that he is unable to afford an attorney, ECF 100. In addition, his conditions of supervised release make it impossible for him to use a computer to seek representation, ECF No. 97 at 1, which is the most common method most pro se litigants use to find an attorney to represent them. Accordingly, the third factor weighs in favor of appointing volunteer counsel. *See* D.C.COLO.LAttyR 15(f)(1)(B)(iii).

Finally, granting the plaintiff's request will serve the interests of justice and benefit the Court. For one thing, the plaintiff's conditions of supervised release would make it difficult for him to review the discovery produced by the defendant in the format produced. ECF No. 97 at 3–4. For another, requiring the defendant to produce discovery in hard copy would be expensive and difficult for all involved. As such, the fourth factor weighs in favor of appointing volunteer counsel. *See* D.C.COLO.LAttyR 15(f)(1)(B)(iv).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Appointment of Counsel for Limited Purpose of Discovery Management, ECF No. 97, which was modified at the March 4, 2026 Status Conference to request appointment of counsel for all purposes. *See* ECF No. 99 at 2. The Clerk of the Court is directed to select, notify, and appoint counsel to represent the plaintiff.

The plaintiff is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected as part of the Civil Pro Bono Panel program. The Court cautions the plaintiff that he remains responsible for all discovery requirements and scheduled matters, including hearings, depositions, motions, and trial.

Entered and dated this 24th day of March, 2026.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4